UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05098-RGK-BFM | Date | October 5, 2026 |
| Title | ***Jacqueline Parra Ramirez v. Warden of the Adelanto ICE Processing Center et al.*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Petition for Writ of Habeas Corpus [1]**

## I. INTRODUCTION

On September 3, 2026, Jacqueline Parra Ramirez ("Petitioner") filed a Writ of Habeas Corpus ("Petition") against Warden of the Adelanto ICE Processing Center, U.S. Immigration and Customs Enforcement, and Mark Wayne Mullin (collectively, "Respondents"). (ECF No. 1.) Petitioner, a noncitizen, is in U.S. Immigration and Customs Enforcement ("ICE") custody.

For the following reasons, the Court **GRANTS** Claim 1 of the Petition and **DENIES** Claim 2 and 3 as **MOOT.**

## II. FACTUAL BACKGROUND

The following facts are adopted from the Report & Recommendation (ECF No. 9):

Petitioner is a 48-year-old mother of four U.S. citizen children. (Pet. ¶ 1.) She entered the United States in 1992, without inspection when she was a minor, and has lived in the United States for 34 years. (Pet. ¶ 1.) The only blemish on her record during that time is a drug conviction in 1997, when she was 19 years old; she was sentenced to probation and more recently, that conviction was vacated and the case was dismissed. (Pet. ¶ 10.) Other than it, the record before the Court reflects that Petitioner has been living peaceably, working, and raising her children. (ECF No. 1-4 at 17–18.) On April 1, 2026, ICE agents were out in the Victorville area conducting an investigation when they stopped Petitioner. Petitioner was not the person they were looking for, but they nevertheless stopped her and asked her questions. (Pet. ¶ 11.) They had no warrant for Petitioner. Nevertheless, she was taken into custody and has been held since that date without an initial custody determination by DHS, nor was she offered the opportunity for a bond reconsideration in front of an IJ. When she moved for a bond hearing, the IJ concluded he was without jurisdiction to grant her bond. (Pet. ¶ 14.) Petitioner filed this Petition, alleging that she is detained without statutory authority, and that due process violations compel an order releasing her. (Pet. ¶¶ 18–28.) In their Answer, Respondents state that Petitioner "appears" to be entitled

to a bond hearing, but that since the Ninth Circuit's decision in *Rodriguez Vazquez*, a bond hearing should be hers for the asking, such that the Court should not order such relief. (ECF No. 7 ("Answer") at 2.) If she doesn't ask for such relief affirmatively, Respondents reassure the Court that she will be offered a *Rodriguez* bond hearing after six months of detention—a mark Petitioner is coming up on. (Answer at 3.) Petitioner filed a reply. (ECF No. 8.) The matter is thus fully briefed and ready for decision.

## III. DISCUSSION

Petitioner argues that her ongoing detention under Section 1225(b)(2) is unlawful because Section 1226(a) governs her detention.

Section 1226(a) provides that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Subsection (c) of Section 1226 prohibits certain noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) by virtue of their presence in the United States without being admitted (like Petitioners) from being released on bond *if* the noncitizen has also been:

> charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person

*Id.* § 1226(c)(1)(E).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05098-RGK-BFM | Date | October 5, 2026 |
| Title | ***Jacqueline Parra Ramirez v. Warden of the Adelanto ICE Processing Center et al.*** | | |

Section 1225, on the other hand, instructs that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 also has a mandatory detention provision whereby, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A).

The Court agrees with Petitioner that her continued detention pursuant to Section 1225(b)(2)(A) is likely unlawful because Section 1226(a) governs her detention. First, Section 1226(c) (1)(E) applies to those who are inadmissible under 8 U.S.C. § 1182(a)(6), including noncitizens "present in the United States without being admitted or paroled," *and* who have committed certain crimes. 8 U.S.C. § 1182(a)(6)(A)(i). This naturally leads to a reading that those who are inadmissible under § 1182(a)(6), but who have not committed certain crimes, such as Petitioner, would be governed by the catch-all provision of Section 1226(a). Such an interpretation is further bolstered by the Supreme Court's reading that "§ 1226 applies to aliens already present in the United States" *Jennings*, 538 U.S. at 303.

Furthermore, if the argument that Section 1225(b)(2)(A) governs those who are present in the U.S. without inspection was accurate, there would be no need for Section 1226(c)(1)(E) because those noncitizens would already be deemed ineligible for a bond hearing under Section 1225(b)(2)(A). Such an interpretation would be inconsistent with the canon against superfluities. *See Shulman v. Kaplan*, 58 F. 4th 404, 410–11 (9th Cir. 2023) (Courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.") (quoting *Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015)).

The Court sees no such irreconcilable conflict between Section 1226 and Section 1225. As this Court has held before, "[t]he most likely explanation is that the two provisions apply to different classes of noncitizens." *Benitez v. Noem*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *see Jennings*, 583 U.S. at 281, 297 (noting that Section 1226 applies to "certain aliens *already in the country*," while Section 1125(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added). Thus, the Court finds that Section 1226(a) applies to Petitioner's detention. This holding is supported by the Ninth Circuit's binding decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Claim 1 of the Petition. Accordingly, Claims 2 and 3 are **DENIED** as **MOOT**. The Court hereby **ORDERS** that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05098-RGK-BFM | Date | October 5, 2026 |
| Title | ***Jacqueline Parra Ramirez v. Warden of the Adelanto ICE Processing Center et al.*** | | |

- Respondents shall provide Petitioner with an individual custody determination by DHS pursuant to 8 C.F.R. § 1236.1 within **seven (7) days** of this Order. If DHS decides to continue detaining Petitioner, Petitioner shall be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond.

- Respondents shall file a Status Report within **seven (7) days** of the custody determination detailing compliance with this Order.

**IT IS SO ORDERED.**

___________ : __________

Initials of Preparer JRE